KEMPER ET AL. *v.* MICHIGAN MILLERS MUTUAL INSURANCE COMPANY ET AL.

[Cite as *Kemper v. Michigan Millers Mut. Ins. Co.,* 98 Ohio St.3d 162, 2002-Ohio-7101.]

*Insurance — Automobile liability — UM/UIM coverage — Applicability of Linko requirements — Declination of UM/UIM coverage effected, when.*

(No. 2001-1709 — Submitted September 17, 2002 — Decided December 24, 2002.)

ON ORDER from the United States District Court for the Northern District of Ohio, Western Division, Certifying Questions of State Law, No. 3:00CV07799.

_____

{¶1} The following questions have been certified to us by the United States District Court for the Northern District of Ohio, Western Division, pursuant to S.Ct.Prac.R. XVIII:

{¶2} "(1) Are the requirements of *Linko v. Indemnity Ins. Co.* [2000], 90 Ohio St.3d [445, 739 N.E.2d 338], relative to an offer of UM/UIM coverage, applicable to a policy of insurance written after enactment of [1997] HB 261 and before [2001] SB 97?

{¶3} "(2) If the *Linko* requirements are applicable, does, under [1997] HB 261, a signed rejection act as an effective declination of UM/UIM coverage, where there is no other evidence, oral or documentary, of an offer of coverage?"

{¶4} We answer certified question No. 1 in the affirmative and certified question No. 2 in the negative.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

COOK, J., not participating.

_____

**MOYER, C.J., dissenting.**

{¶5} I respectfully dissent from the majority's conclusion that the requirements of *Linko v. Indemn. Ins. Co.* (2000), 90 Ohio St.3d 445, 739 N.E.2d 338, are applicable to an insurance policy written after the enactment of 1997 H.B. 261 and before 2001 S.B. 97. As a preliminary matter, I note that although I dissented in part in *Linko*, I acknowledge its holding as controlling precedent for insurance policies issued prior to the enactment of H.B. 261. Nevertheless, R.C. 3937.18, as amended by H.B. 261, sets forth new requirements for a valid offer and rejection of UM/UIM motorist coverage. Accordingly, we are not bound by *Linko* in determining whether extrastatutory requirements should be imposed on insurers after the effective date of H.B. 261.

{¶6} By its holding today, the majority requires insurers to "inform the insured of the availability of UM/UIM coverage, set forth the premium for UM/UIM coverage, include a brief description of the coverage, and expressly state the UM/UIM coverage limits in its offer" even after the adoption of H.B. 261. *Linko*, 90 Ohio St.3d at 447-448, 739 N.E.2d 338. The majority not only imposes these requirements without any statutory basis or legal analysis, but it also ignores the fact that R.C. 3937.18, as amended by H.B. 261, unlike the former statute, speaks directly to the requirements that are necessary for a valid offer and rejection of UM/UIM coverage. In view of these amendments and the absence of any statutory support to impose the *Linko* requirements, I would conclude that such requirements are inapplicable to insurance policies written after the effective date of H.B. 261.

{¶7} Because I would answer certified question No. 1 in the negative, I would conclude that question No. 2 is moot.

{¶8} For the foregoing reasons, I respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____

Elk & Elk Co., L.P.A., David J. Elk and Todd O. Rosenberg, for petitioners Sherrie L. Kemper et al.

Gallagher, Sharp, Fulton & Norman, Alton L. Stephens, James T. Tyminski Jr. and D. John Travis, for respondent Michigan Millers Mut. Ins. Co.

Gallagher, Gams, Pryor, Tallan & Littrell, L.L.P., and James R. Gallagher, for amicus curiae Ohio Association of Civil Trial Attorneys.

Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., Michael L. Close and Samuel M. Pipino, for amicus curiae American International Companies.

_____